TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00094-CR






Coleen Deleon, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-97-0286-S, HONORABLE DICK ALCALA, JUDGE PRESIDING







 Appellant Coleen Deleon was convicted by a jury of securing execution of a
document by deception. See Tex. Penal Code Ann. § 32.46(a) (West Supp. 1999). The offense
involved more than $1500 but less than $20,000, making the offense a state jail felony. See id.
§ 32.46(b)(4). The trial court sentenced her to confinement in the state jail for two years,
probated for three years, and imposed a fine of $1,000. Appellant challenges the legal sufficiency
of the evidence. We will affirm.

 The standard for reviewing legal sufficiency is "whether, after reviewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S.
307, 319 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981).

 Appellant's offense was to obtain more food stamps than she was entitled by falsely
reporting that her husband was not living with her when he was. The jury found that appellant's
deception caused a Department of Human Services employee to certify the household for excess
food stamp benefits. Appellant was ordered to pay $2673 in restitution. Appellant acknowledges 
that the testimony of an investigator and an eligibility specialist for the agency show that appellant
made application for food stamp benefits, represented that her husband did not live with her or in
her household, and, as a result of the application and representation, received food stamp benefits.

 Appellant's claim of insufficient evidence to support the conviction involves the
meaning of the term "person" as used in section 32.46 of the Penal Code. The offense requires 
proof that the accused secured execution of a document by deception with intent to defraud or 
harm any person and that the document affected the property, service, or pecuniary interest of any 
 person. Penal Code § 32.46(a)(1). Appellant argues that an essential element of the offense is
that the actor must intend to defraud or harm a person, and that the entity affected in this case is
not a person but an agency or branch of the state government. She contends that a state agency
is within the definition of "government" and is not within the definition of "person." The
definition in the Penal Code is: "'Person' means an individual, corporation, or association." Tex.
Penal Code Ann. § 1.07(a)(38) (West 1994). Government is defined: "'Government' means: (A)
the state; (B) a county, municipality, or political subdivision of the state; or (C) any branch or
agency of the state, a county, municipality, or political subdivision." Id. § 1.07(a)(24).

 The State's brief points out the error in appellant's position. While the state
government is not an individual or a corporation, appellant has overlooked the fact that one
definition of "person" is an "association." This is defined as follows: "'Association' means a
government or governmental subdivision or agency, trust, partnership, or two or more persons
having a joint or common economic interest." Id. § 1.07(a)(6). Thus, a governmental agency,
such as the Texas Department of Human Services, is a "person" within the meaning of Penal Code
section 32.46 as defined in Penal Code section 1.07(a)(38), (6), and (24).

 We have found no cases further defining or discussing the application of these
definitions in the Penal Code. We note that the definition of "person" in the Code Construction
Act includes government agencies. "'Person' includes corporation, organization, government or
governmental subdivision or agency, business trust, estate, trust, partnership, association, and any 
other political entity." Tex. Gov't Code Ann. § 311.005(2) (West 1998). Both appellant and the
State refer to Op. Tex. Att'y Gen. No. MW-582 (1982), in which the opinion was offered that a
defendant could be prosecuted for food stamp fraud under three different statutes, those for theft,
Penal Code Ann. § 31.03 (West 1994 and Supp. 1999), securing execution of a document by
fraud, Penal Code Ann. § 32.46 (West Supp. 1999), and tampering with a governmental record,
Penal Code Ann. § 37.10 (West 1994 and Supp. 1999).

 We have resolved the definitional problem posed by appellant, and upon review of
the evidence in the light most favorable to the prosecution, and as acknowledged by appellant, 
we determine that a rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Appellant's point of error is overruled and the judgment of 
conviction is affirmed.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: March 11, 1999

Do Not Publish

















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



 
that the testimony of an investigator and an eligibility specialist for the agency show that appellant
made application for food stamp benefits, represented that her husband did not live with her or in
her household, and, as a result of the application and representation, received food stamp benefits.

 Appellant's claim of insufficient evidence to support the conviction involves the
meaning of the term "person" as used in section 32.46 of the Penal Code. The offense requires 
proof that the accused secured execution of a document by deception with intent to defraud or 
harm any person and that the document affected the property, service, or pecuniary interest of any 
 person. Penal Code § 32.46(a)(1). Appellant argues that an essential element of the offense is
that the actor must intend to defraud or harm a person, and that the entity affected in this case is
not a person but an agency or branch of the state government. She contends that a state agency
is within the definition of "government" and is not within the definition of "person." The
definition in the Penal Code is: "'Person' means an individual, corporation, or association." Tex.
Penal Code Ann. § 1.07(a)(38) (West 1994). Government is defined: "'Government' means: (A)
the state; (B) a county, municipality, or political subdivision of the state; or (C) any branch or
agency of the state, a county, municipality, or political subdivision." Id. § 1.07(a)(24).

 The State's brief points out the error in appellant's position. While the state
government is not an individual or a corporation, appellant has overlooked the fact that one
definition of "person" is an "association." This is defined as follows: "'Association' means a
government or governmental subdivision or agency, trust, partnership, or two or more persons
having a joint or common economic interest." Id. § 1.07(a)(6). Thus, a governmental agency,
such as the Texas Department of Human Services, is a "person" within the meaning of Penal Code
section 32.46 as defined in Penal Code section 1.07(a)(38), (6), and (24).

 We have found no cases further defining or discussing the application of these
definitions in the Penal Code. We note that the definition of "person" in the Code Construction
Act includes government agencies. "'Person' includes corporation, organizatio